IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON JAMES,                               :
    Plaintiff,                          :
                                        :
    v.                                  :        CIVIL ACTION NO. 26-CV-2065
                                        :
PENNSYLVANIA DEPARTMENT OF   :
HUMAN SERVICES, *et al.*,                  :
    Defendants.                         :

MEMORANDUM

**WEILHEIMER, J.**                                                    APRIL 9 , 2026

Plaintiff Aaron James filed this case *pro se* against the Pennsylvania Department of

Human Services ("DHS"), the Domestic Relations Section of the Philadelphia Court of

Common Pleas ("DRS"), and four individuals whose specific affiliation is not described.  James

raises civil rights claims and claims under the Fair Credit Reporting Act ("FCRA") for which he

seeks money damages and the return of seized funds.[1]  He also seeks leave to proceed *in forma*

*pauperis*.  For the following reasons, the Court will grant James *in forma pauperis* status and

dismiss the Complaint.

I.      **FACTUAL ALLEGATIONS**[2]

James is subject to a child support order entered in the Philadelphia Court of Common

Pleas DRS.  (Compl. at 5, 15.)  The amount was originally $660 per month but was increased to

---

[1] James has filed a separate civil action alleging FCRA claims against several credit
reporting agencies and named DRS as a defendant in that action as well.  *See James v. Trans
Union LLC*, No. 26-2017 (E.D. Pa.).

[2] The allegations are taken from James's Complaint (ECF No. 2), consisting of the
Court's preprinted form complaint available for use by unrepresented litigants, a typewritten
submission, and an attached exhibit.  The Court deems the entire submission to constitute the
Complaint and adopts the sequential pagination supplied by the CM/ECF docketing system.

$1,050 "despite [his] unemployment hardship." (*Id.* at 5.) He is allegedly in arrears of approximately $2,100 and in 2025 "Defendants intercepted approximately $14,900 from [his] tax refund and unemployment compensation." (*Id.*) The amount seized exceeded his arrearage and, he alleges, he "was not afforded any meaningful pre-deprivation hearing." (*Id.*)

On October 21, 2025, Defendant Ms. James informed the mother of his children that funds were being held because he challenged the interception. The child support order was later reduced back to $660/month but, "despite this, $253 per week continued to be garnished." (*Id.*) He asserts that on February 19, 2026, $7,765 was intercepted from his tax refund but it is unclear whether the $7,765 is included in the $14,900 he also mentions.

James filed a petition to modify his support obligation on February 25, 2026. (*Id.* at 16-22.) He was scheduled for a telephonic child support modification conference on March 25, 2026. (*Id.* at 6, 13.) He was available but did not receive any call and the "proceeding" was dismissed without him being contacted. (*Id.* at 6.) He believes that Defendant William Cermele was responsible for scheduling and handling the modification conference. (*Id.*)

James filed this federal civil rights action two days later on March 27, 2026 asserting due process violations based on unlawful garnishments, excessive seizures, and the failure to provide hearings. (*Id.*) He also brings a claim under the FCRA because "Defendants[3] reported

---

[3] While James uses the term "Defendants" in the plural, the Court understands him to assert the FCRA claim only against DHS or DRS since he fails to allege that any of the individuals furnished information to credit reporting agencies. Notably, § 1681s-2(a) of the FCRA, titled "Responsibilities of furnishers of information to consumer reporting agencies," sets forth the duties of a "person" that "regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer." While a "person" can be an "individual," *see* 15 U.S.C. § 1681a(b), the Court has failed to locate any case where an employee of a furnisher, rather than the agency, bank or credit card company itself, has been found liable as a furnisher of information.

or caused inaccurate financial information to be reported," he disputed the inaccuracies, which were not corrected, and he "suffered damages including financial harm and reputational injury." (*Id.*)

Attached to the Complaint is a copy of a November 25, 2025 order setting the child support payment at $600/month plus $60/month for arrears (*id.* at 15), James's February 25, 2026 petition to modify the support order (*id.* at 16-22), an order dated February 25, 2026 directing the children's mother to appear for a hearing on March 17, 2026 (*id.* at 11), an emergency motion James filed on March 5, 2026 to correct the wage attachment and to return excess funds (*id.* at 9-10), a superseding order rescheduling the hearing to March 25, 2026 (*id.* at 13), and copies of paystubs showing deductions for child support garnishments (*id.* at 23-28).

## II.   STANDARD OF REVIEW

Because James appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir.

3

2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Section 1915 also requires the dismissal of claims for monetary relief brought against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *see also, e.g., Rauso v. Giambrone*, 782 F. App'x 99, 101 (3d Cir. 2019) (*per curium*) (holding that § 1915(e)(2)(B)(iii) "explicitly states that a court shall dismiss a case 'at any time' where the action seeks monetary relief against a defendant who is immune from such relief"); *Ellison v. Smith*, 778 F. App'x 195, 196 (3d Cir. 2019) (*per curiam*) ("A District Court is authorized to dismiss a complaint sua sponte on the immunity grounds of § 1915(e)(2)(B)(iii) when it is clear on the face of the complaint that a party is immune from suit." (citing *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002)).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotation marks omitted). The Court's continuing obligation to assure its jurisdiction includes an assessment of

4

whether the plaintiff lacks standing to bring their claim. *See Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness sua sponte." (citation omitted)); *see also Boley v. Universal Health Servs., Inc.,* 36 F.4th 124, 130 (3d Cir. 2022) (same).

Because James is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.   DISCUSSION

### A.   Eleventh Amendment Immunity

James has named the Pennsylvania Department of Human Services and DRS as Defendants and seeks money damages for civil rights violations and violations of the FCRA. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100

(1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its agencies like the Department of Human Services, are immune from suits filed in federal court. DRS is also immune since it is part of the Philadelphia Court of Common Pleas, *see* https://www.courts.phila.gov/common-pleas/family/dr/ (last viewed Apr. 3, 2026), and thus part of Pennsylvania's unified judicial system, which also shares in the Commonwealth's Eleventh Amendment immunity, *see Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).

Notably, FCRA imposes obligations on and provides for liability of "persons," which the statute defines to include the "government" and "governmental subdivision[s] or agenc[ies]." *See* 15 U.S.C. § 1681a(b). However, courts have held that this provision did not abrogate the states' Eleventh Amendment immunity since Congress did not do so in a manner that was "unmistakably clear in the language of the statute." *Hutchinson v. Carco Grp., Inc.*, No. 15-1570, 2015 WL 5698283, at *8 (E.D. Pa. Sept. 29, 2015) (collecting cases and holding "we conclude that Congress did not abrogate the States' sovereign immunity in the FCRA because Congress enacted the FCRA pursuant to its Commerce clause powers and, thus, lacked the authority to take away the States' sovereign immunity in that statute." (citations omitted); *see also Wright v. Applied Bank*, No. 11-585, 2012 WL 3758957, at *2 (D. Del. Aug. 28, 2012) (collecting cases and finding Philadelphia Traffic Court to have Eleventh Amendment immunity from FCRA claims). Accordingly, all claims against the DHS and DRS will be dismissed with prejudice.

**B.    Civil Rights Claims Against the Individual Defendants**

James has named four individual Defendants, Ms. James, Officer BJC, Mr. Turnupseed, and William Cermelle. He does not identify who any of these individuals are and never mentions Officer BJC or Mr. Turnupseed in the body of the Complaint. Ms. James is alleged to have informed the children's mother that child support funds were being held because James challenged the interception of his funds and Cermelle is believed by James to have been the person responsible for scheduling and handling a telephone hearing that did not happen. (Compl. 5-6.)

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Township of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." (quoting *Iqbal*, 556 U.S. at 677)); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. N.J. Dept. of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Baker v. Monroe Township*, 50 F.3d 1186, 1194 (3d Cir. 1995); then citing *Rode*, 845 F.2d at 1201 n.6). Because there is no allegation that Officer BJC or Mr. Turnupseed were personally involved in any of the events James describes, the claims against them will be dismissed.

Turning to the claims against Ms. James and Cermelle, to state a claim under § 1983 for a violation of one's procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's

protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). The claim that Ms. James violated James's rights by giving information to his children's mother about the garnished funds is not plausible since there is no allegation that a liberty, or property interest was in any way affected by her actions.

James appears to assert a due process violation against Cermelle based on his involvement in mishandling the scheduling of the telephonic child support modification conference that did not take place on March 25, 2026, two days before James filed this civil rights action. (Compl. at 6.) James states that he was available but did not receive any call and the "proceeding was dismissed without [his] being contacted." (*Id.*) This claim has several problems. First, while James states that the "proceeding" was dismissed, it is unclear from James's allegation whether he means the particular modification conference or something more consequential that affected his liberty or property interests. Second, he does not make clear whether or not he attempted to reschedule the modification conference before he filed his case in federal court two days later. and does not allege that he was foreclosed from asserting his request for relief from his child support obligation or his attempt to recover the excess garnishment because the one telephonic conference failed to take place. If process was available – that is, if the modification conference could have been rescheduled – any claim of a due process violation would not be plausible since "the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Finally, the allegation that Cermele mishandled the scheduling of the conference asserts a mere negligence claim that cannot rise to the level of a constitutional violation. *See Canton v. Harris*, 489 U.S. 378, 387 (1989) (holding that mere negligence in

training cannot form basis of § 1983 liability); *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). Accordingly, the due process claims against all of the individual Defendants will be dismissed.

IV.   **CONCLUSION**

For the foregoing reasons, the Court will dismiss without prejudice all of James's claims against the Pennsylvania Department of Human Services and the Domestic Relations Section based on Eleventh Amendment immunity, and dismiss the civil rights claims against the individuals Defendants without prejudice for failure to state a claim. James will be permitted leave to file an amended complaint against the individual Defendants if he is able to allege additional facts about how his civil rights were violated and how each Defendant was involved. An appropriate Order follows with additional instructions on amendment

**BY THE COURT:**

**GAIL A. WEILHEIMER, J.**